UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALKIT KAUR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:16-cv-01674-KJN<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　Plaintiff, proceeding without counsel, initially commenced this social security action on July 20, 2016. (ECF No. 1.) Pursuant to the court's July 22, 2016 scheduling order, plaintiff was required to file a motion for summary judgment and/or remand within 45 days from being served with a copy of the administrative record. (ECF No. 5.) On January 19, 2017, the Commissioner lodged the administrative record and served it on plaintiff by U.S. mail. (ECF Nos. 11, 12.) However, plaintiff subsequently failed to file a motion for summary judgment and/or remand by the required deadline.

　　　Consequently, on May 10, 2017, the court issued an order to show cause requiring plaintiff, no later than June 12, 2017, to show cause in writing why this action should not be dismissed based on plaintiff's failure to file a motion for summary judgment and prosecute the

1

1  case. (ECF No. 14.) The court also provided plaintiff with an additional opportunity to file a
2  motion for summary judgment and/or remand no later than June 12, 2017. (Id.) Plaintiff was
3  specifically cautioned that failure to timely respond to the order to show cause and to timely file a
4  motion for summary judgment may result in dismissal of the action pursuant to Federal Rule of
5  Civil Procedure 41(b). (Id.)

6  Although the new deadlines have now passed, plaintiff again failed to file a motion for
7  summary judgment and/or remand, and also failed to respond to the court's order to show cause.
8  At this juncture, the court concludes that dismissal is appropriate.

9  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply
10 with these Rules or with any order of the Court may be grounds for imposition by the Court of
11 any and all sanctions authorized by statute or Rule or within the inherent power of the Court."
12 Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

17 See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
18 same rules of procedure that govern other litigants") (overruled on other grounds). A district
19 court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to
20 Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or
21 fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local
22 rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act
23 sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.
24 Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action
25 pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute
26 or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,
27 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground
28 for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors support dismissal. Plaintiff failed to comply with several court orders, and failed to take the steps necessary to prosecute and move her case forward. The third Ferdik factor, prejudice to the defendant, also favors dismissal. At the very least, the Commissioner has been named in a civil action and plaintiff's actions have delayed progress towards resolution of the matter.

The fifth Ferdik factor, availability of less drastic alternatives, also favors dismissal. Before recommending the harsh sanction of dismissal, the court, especially in light of plaintiff's *pro se* status, first issued an order to show cause, providing plaintiff with an opportunity to be heard, and also granted plaintiff an extension to file a motion for summary judgment and/or remand. However, plaintiff entirely failed to respond to the court's order, and did not even request a further extension of time to comply. As such, the court has little confidence that plaintiff would comply with an order to pay monetary sanctions. Furthermore, based on the nature of this action and the limited record, the court is unable to frame any other meaningful, less

drastic sanctions, such as issue or evidentiary sanctions.

Finally, although the court recognizes the importance of the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits, that public policy is outweighed by the other Ferdik factors. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders and prosecute the case.

In sum, after a careful evaluation of all the Ferdik factors, the court finds that plaintiff's case should be dismissed.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to vacate all dates and close this case.

In light of the above recommendations, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: July 25, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ss.16.1674.kaur. f&rs 41b dismissal

4